Mr. Bradford. Thank you Judge Loken and may it please the court. My name is Mark Bradford representing the appellant James Vandevender. We're asking this court to reverse the dismissal on Rule 12 of Mr. Vandevender's Eighth Amendment claim. There are only three points I want to make in the limited time I have today. The first is this. This was a Rule 12 motion. This seems like a very elementary point to make to a panel of this court, but it's important because my friend's defense of the decision below is based primarily on summary judgment decisions, which of course judge the sufficiency of the evidence, not the sufficiency of the pleadings. And what's important about that is the judge here made several conclusions, factual findings, that are not only inconsistent with the pleadings but opposite of the pleadings. Let me give you the one that screams the loudest. We have here a situation where there's been an allegation that this prison allowed a pile of wood, basically clubs, things that can be used as weapons in an unguarded, unsecured area of the prison accessible to inmates. It's a dangerous condition. We pled in the complaint. We actually identified a witness who will testify in paragraph 21 that the woodworking facility was not operational on the day of the accident, yet the prison allowed the wood to be fully accessible. Yet on page 8 of the district court's order, the court concludes, quote, Vandevenor concedes in his amended complaint that the inmates who were assigned to work detail in the north industry area needed access to the wooden boards for their work. That may be true when it's an operational facility. Those are not inconsistent. They are because it assumes what the judge is doing is he's saying, therefore it's not a dangerous condition because you need access to the boards. I don't read it that way at all. Well, he writes it in the portion of the opinion where he's saying that we cannot establish a constitutional claim, and he's saying that the inmates need access to these boards, ergo they're not dangerous. That's inconsistent with the facts pled. There's two elements. This is the second point. There's two elements to an Eighth Amendment claim. One is an objective element. The conditions have to harm. I don't think anyone in this room would dispute that if you have an unguarded pile of two-by-fours or four-by-fours in a prison setting that that is dangerous. Certainly no one would contest that if the prison allowed inmates to store two-by-fours or four-by-fours in their cells that that would be dangerous. It should make no difference that they're accessible down the hall. Didn't the district court though decided on the second, the subjective factor? Yes, and with respect to the subjective factor, let me say this, Your Honor, and this goes back to the Farmer v. Brennan case, which says very explicitly that the subjective element can be proven by any circumstantial evidence, including the fact that the danger was obvious. How do you, how do you handle our precedence, however? It sounds, for example, the Colquet case just from a couple of years ago, that it looks like your allegations are really similar. There's this dangerous item that can be used for an assaultive, for assaultive behavior. How do you get at the subjective? How is your case different than that? Sure, a few points on that. Colquet v. Roy was a case where somebody was injured using a piece of machinery and the allegation was you should have had a guardrail on the piece of machinery and had you had it I wouldn't have, I think, cut my hand or my finger or whatever the allegation was. And what this court said is that's really your ordinary negligence case. There were no allegations in that case, the court said, that showed that the prison officials were actually subjectively aware of the danger. In this case, by contrast, we have pled in multiple places that the prison officials were subjectively aware of the risk that these wooden boards posed. And I'll point to the court finding. Is that just because of the nature of the boards? Because, because even the allegations of prior inmate on inmate assaults didn't really deal with this kind of a tool, equipment, materials. So are you really, are you asking us to say that this is just something that's so obvious that a prison official subjectively would know, given his or her experience within the institution, that that could be used as a weapon? The direct answer is no. We're not asking you to rely only on the obvious condition, although that under Farmer versus Brennan could be enough. We've also alleged that at least one inmate specifically warned Mr. Bebeau, hey there's a dangerous pile of weapons that could be, I'm sorry, wood that could be used as weapons, and he ignored that. How is that different though? Because that's the, that would be the inmates sort of this is an obvious problem here, as opposed to say an inmate coming and saying I heard another person in my cell or in my pod saying I'm gonna go grab one of those pieces of wood, that looks like a great weapon. That, that seems to sort of get a little closer. Well I'm not, I'm not sure that there's a material difference between an inmate putting a guard on notice that hey I've observed something that can and will be used as a weapon. Because of their inmate status? Do you think that that matters? That's a different perspective? Is that what you're saying? Well, well the subjective knowledge of the risk is from the prison officials perspective. They have to become subjectively aware of the risk under U.S. Supreme Court precedent and this court's precedent. That can be established on summary judgment by the fact that the risk is obvious, but we do more than that. We specifically allege that there, they were substantially aware. We specifically allege that they were made aware by inmates. So this isn't a perceived a risk based on the fact that the pile was there. That's part of it, but they also should have and did perceive a risk because they were made aware of the risk. I understood that was what your argument was and what bothers me is let's take the case of a slip-and-fall on a recently scrubbed prison walkway where there is no, you know, beware or caution wet floor and multiple inmates had told the passing guards, you know, that's awfully slippery out there. Your argument says that anyone who slips and falls and is injured is a 1983 plaintiff who gets past summary judgment. Well, I'm not sure if we're going that far, Your Honor, and I'm not sure we would get... Well, tell me how you're not because if I read you as going that far and therefore I don't agree with the argument in its, you know, in its final element. Yeah, I'm not sure quite frankly, Your Honor, and I have not looked at slip-and-fall cases, but I will say on element one, I'm not sure in the Eighth Amendment context, which is cruel and unusual punishment, whether we would get past the substantial risk of harm factor for a freshly scrubbed floor. I just don't know the answer to the question. Oh, come on, counsel. I mean, we've got, we've got, we've got, you know, beware, caution wet floor signs all over the, you know, the Twin Cities, as you well know, and every employer knows and every property manager knows that that's a prudent thing to do. Okay, so here they don't do it and the inmates say, you know, you guys are risking us breaking our necks by scrubbing these floors all the But the Eighth Amendment leaves room for common negligence. What it doesn't leave room for is to leave a pile of weapons in the prison setting and let nature take its course. Weapons is a huge difference because the risk here is so obvious. When you are in a prison setting and you have a pile of two-by-fours sitting there. I bet you there's stuff lying around prison yards that could be used as a weapon all the time. Sure, and the difference, Your Honor, is if prison officials know it's there. If they know somebody in their cell has fashioned a knife out of a toothbrush and they say, you know what, we're gonna let inmate Jones keep it. And then he uses that to murder somebody. That is an Eighth Amendment violation. It's under this court's precedent because they're subjectively aware. You haven't got an Eighth Circuit case that controls on that assertion. Well, Your Honor, in this court's decision in Smith, which we cite in our reply brief, which is a 1996 case, they talk about the very fact that there are two control policies in place show that there's a subjective awareness of the risk. About Crist. I'm sorry? About Crist. The murder in the, what was it, the Duluth prison kitchen. I'm not familiar with the facts of that case, Your Honor. I apologize. But, and I do want to reserve a few seconds for rebuttal, but what I will say here is we have subjective knowledge based on the obviousness of the risk, a specific warning by an inmate, tool control policies, and a prior assault that should be good enough to get us past Rule 12 and allow some discovery. Thank you. Thank you. Flandre? May I please the court? Your Honors, my name is Katherine Iverson Landrum and I represent the defendant appellees Walter Sass, Sammy Birch, Chris White, Trevor Sass, Dwayne Dahl, Joshua Burdeen, and Rick Bebo. Your Honor, plaintiff's complaint sets forth facts that plaintiffs believes should have raised a red flag to the defendants. But the Eighth Circuit... Of course, that's always the equivalent inquiry. But the Eighth Circuit, Your Honor, has required and noted that common negligence, as plaintiff just mentioned, even gross negligence does not constitute cruel and unusual punishment under the Eighth Amendment. Rather, plaintiff must establish at the pleading stage that defendants were aware of a subjective and pervasive risk of harm, and that they subjectively knew that that risk was there and then deliberately disregarded it. As this court indicated in Colkay v. Roy, that standard is a highly culpable state of mind. And it seems like a pretty tough standard at the pleading stage. Maybe you get, as counsel noted at the end of his argument, you get into discovery and you determine yay or nay, what really is going on. But how is someone going to plead that kind of heightened knowledge, particularly being an inmate in an institution, to Well, Your Honor, the standard is intentionally burdensome because, as the United States Supreme Court and as this court has indicated, inmate on inmate violence is unfortunately commonplace and unpredictable in a prison setting. In order to plead a case, as this court found in Colkay v. Roy specific... What Supreme Court case were you referring to about the discussion of inmate prevalence of inmate violence? I believe it's Farmer v. Brennan, Your Honor. There's a lot of dicta in Farmer that's quite favorable to the plaintiff. Disagree, Your Honor. In that particular case, the facts of that case, the court didn't actually determine whether or not there is deliberate indifference or not. It clarified the standard and then remanded to the district court case. In that case is completely factually distinct. But with regard to an obviousness of risk that that in and of itself could show deliberate indifference, plaintiff has not cited to you a single case where that has been upheld in the inmate on Just to follow up, I guess, on the previous question, what else is at the disposal of the inmate to actually allege that at the pleading stage? What would be... We've got a case where there was some evidence of a falsification of some reports, which I think that sort of then begs the question of how an inmate might get that even at the pleading stage. But what's another example? How could they prove this? Or, I'm sorry, how could they sufficiently plead this? Prior instance is a very common one in the inmate-on-inmate context. So in this case, plaintiff attempted to do that with the Simon attack, which, as Your Honor, Judge Kelley already indicated, that that is not sufficiently factually similar. Plaintiff needs to plead some facts, whether it is a prior incident or even the direct complaints that he's asserting were alleged to the defendants. And the complaint doesn't actually state which specific defendants actually received these alleged complaints from inmates that these tools were dangerous. And let's remember that the deliberate indifference standard is case-specific. We're talking about providing access to tools and construction materials to inmates working in a vocational setting. And that's why, Your Honor, there is no obvious risk of harm. What plaintiff is essentially asserting is that any provision of any tool or construction material to an inmate is an obvious risk of harm. And if that's the case, then all vocational programming and all prisons simply would have to come to a halt. You mentioned your perceived weaknesses in the allegations regarding the reporting from another inmate. Are you suggesting that reports from other inmates that, hey, these boards are out here, I think that these can be weapons, are you suggesting that that would be enough at the 12B6 stage to survive? Absolutely not, Your Honor. That is just the strongest evidence that plaintiff has brought forth today and has emphasized during his argument. So that would be not enough. So really, the only example you've given that would be sufficient is it's happened before. Sure, prior incidents or perhaps prior reports from another officer to a particular inmate or to a particular officer that there's a problem that needs to be corrected. So that's another report though. You said that it would have to come from... I'm trying to narrow down what's enough here. So you're saying in a report from another officer that there's a problem here, but not a report from inmates who are observing it? That's correct, because in this case, Your Honor, we're talking about a vocational setting where inmates by design, and the complaint makes it clear that these inmates were required to have access to tools and construction materials to perform their work. But Your Honor, even if... Let me bring you to what the district court thought was very important, and that is that we've got seven defendants who had very different participations in this from zero on up, and qualified immunity is person by defendant by defendant. Now for the supervisory people, what case has ever held in a failure to protect claim that a supervisor is liable just because he or she did not say, clean that up, for a risk that was... for a condition that was a general risk to inmates and probably guards as well? You're absolutely right, Your Honor, and plaintiffs counsel did not even emphasize on our clarifies that that is not a basis, since we don't have Manel liability under 1983, that's not a basis for a failure to protect claim. Yes, Your Honor, sorry I've lost my notes here. So for example, in Cambrose versus Barnstead, the Eighth Circuit in 1995 stated that a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability. There are no factual allegations indicating any personal involvement of the supervisory defendants, and the only way... But it's a little more than that, a little more than just general. The allegation here is that at least some of these supervisors were warned specifically by inmates. You shouldn't be allowing that. Well, first of all, Your Honor, that's only true to for supervisory defendant Bebo. He is the only defendant actually who is identified as receiving these amorphous complaints. What about him? Because, for example, in Williams versus Wiltus, the Eighth Circuit held that in order to show deliberate indifference, there must be more than just an isolated incident. So in this case, to the extent that someone went to Officer Bebo and indicated that there is no evidence that Officer Bebo was crediting that, particularly when inmates were required to have access to those materials, and Officer Bebo was not present at the vocational setting on the day of the incident. So generally speaking, in this woodworking area of the prison, inmates are required to have access to wood. Are they... Is that locked off, though, shut down, not during non-working hours? Plaintiff alleges in this case, and we must credit it as true for purposes of the 12b-6, that the woodworking area was not operational on the day of the accident. But Officer Bebo was not present on that day. And is it is it locked up or somehow secured when it's non-operational? No, Your Honor. The plaintiff pleads, and we must credit that as true, that it is unsecured and accessible to inmates once they are provided access to the vocational area. At all times? At all times. But, Your Honor, plaintiff has cited zero cases in the vocational setting, which goes to our clearly established argument. Well, the Goka case, I know it's a Seventh Circuit case. The Goka case is fairly close, right? No, Your Honor. The Goka case is highly distinguishable. Yeah, but go slowly with me. There are 13 incidents, broom handle used, and the Seventh Circuit says that's enough. That's right. Is that a summary judgment case? That was a summary judgment case, Your Honor. But that just goes to show in that particular case, first of all, prison officials knew that the inmates were retaining broom handles in their rooms. A broom handle would have no other necessity within a room except for possibly as a weapon. And the evidence indicated at summary judgment that the defendants in that case knew of it, that there were 13 prior incidents. And there were previously reported threats of violence. None of the cases cited by the plaintiffs deal with tools being provided to inmates in the vocational setting. So there is no clearly established law there. And the United States Supreme Court has been very clear in recent cases, D.C. versus Westby being a great recent case, that the facts must be fairly similar. It is not enough to have a high description of the standard of law, that being that we must protect inmates from violence. There are no cases on point here that would have put construction materials to inmates in the vocational setting before any incident had happened that they were violating, potentially violating the Eighth Amendment rights of all the inmates in the vocational setting performing that vocational work. So it is not clearly established. And as a result, dismissal can be affirmed on that basis. I see that I'm out of time. Thank you, Your setting when there are vocational activities taking place. But here it's alleged the industry room was not operational. So you have a pile of wood sitting in a dark room accessible to inmates. That's a dangerous condition when no guards are there and it is completely accessible. Number two, the court in Brennan, this gets to the sufficiency of the pleadings, says whether a prison official had the requisite knowledge of a question of fact subject to demonstration in the usual ways, including circumstantial evidence. And a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. That's a summary judgment case. If that gets you to a jury, surely it gets you past Rule 12. Thank you. Thank you, counsel. Case has been well briefed and argued and we will take it under advisement.